UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW MORET,

    Plaintiff,

v.

CAPTAIN PARKS; SGT. JACKSON; COORDINATOR K. MAIN; and FIVE UNKNOWN STATE OFFICERS,

    Defendants.

Case No. 2:24-cv-01105-AA

ORDER

AIKEN, District Judge.

Plaintiff, a self-represented adult in custody (AIC) with the Oregon Department of Corrections (ODOC), filed this action pursuant to 42 U.S.C. § 1983 and alleges various violations of his federal constitutional rights. Plaintiff's Complaint was deficient in several respects, and he was allowed the opportunity to amend his allegations. Plaintiff timely filed an Amended Complaint and several of his claims remain deficient.

1 - ORDER

As the Court previously found, Plaintiff arguably states a claim for relief against Defendants Parks and Jackson arising from their alleged deployment of pepper spray and refusal to provide Plaintiff with a prompt decontamination shower in August 2022. *See Clement v. Gomez*, 298 F.3d 898, 905 (9th Cir. 2002).

Plaintiff next asserts that five unknown correctional officers "billed" Plaintiff $9,716.15 for damages sustained by another AIC and refused to provide him with documentation to support the amount charged. Plaintiff contends that the unknown officers violated Oregon administrative rules by failing to provide him with documentation. However, a state administrative violation cannot sustain a claim under § 1983. Further, Plaintiff cannot pursue a due process claim based on these facts. A procedural due process claim must allege the deprivation of a protected property or liberty interest without notice or an opportunity to be heard. *See Brewster v. Bd. of Educ.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff does not allege that he was deprived of property without notice and Plaintiff can presumably challenge the nature of the charges in a state proceeding.

Finally, Plaintiff alleges that Defendant Main, a Grievance Coordinator, prevented him from using the administrative grievance procedure "in retaliatory type ways," and Plaintiff refers the Court to his proposed Amended Complaint in case no. 2:23-cv-00715-HZ for relevant "dates and times." Plaintiff must include all allegations in the operative Complaint in this action and cannot rely on proposed filings in another case. Moreover, Plaintiff's filings in this case reflect that Plaintiff accessed ODOC's grievance system and filed numerous grievances. Plaintiff fails to allege facts plausibly suggesting that Defendant Main retaliated against Plaintiff, and this claim is dismissed.

2 - ORDER

Plaintiff has been given two opportunities to amend and I find that further amendment would be futile. Accordingly, this action will proceed against only Defendants Parks and Jackson.

## CONCLUSION

Plaintiff fails to state a viable claim for relief against K. Main and the five Doe Defendants, and Plaintiff's claims against these Defendants are DISMISSED.

Plaintiff's Motion for Appointment of Counsel (ECF No. 21) is DENIED for the reasons provided in the Court's previous Orders. Plaintiff's Motion for Summary Judgment (ECF No. 23) is DENIED as premature and unsupported by sufficient evidence.

The Clerk of the Court is directed to send this Order, the Amended Complaint (ECF No. 22) and waiver of service packets to the Assistant Attorney General. If Defendants decline to waive service, Plaintiff will be provided with the necessary forms for service by the U.S. Marshals Office.

IT IS SO ORDERED.

DATED this  27th  day of January, 2025.

       /s/Ann Aiken
       ANN AIKEN
   United States District Judge