UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW MORET,

    Plaintiff,

v.

CAPTAIN PARKS; SGT. JACKSON; COORDINATOR K. MAIN; and FIVE UNKNOWN STATE OFFICERS,

    Defendants.

Case No. 2:24-cv-01105-AA

**OPINION AND ORDER**

AIKEN, District Judge.

Plaintiff, a self-represented adult in custody (AIC) with the Oregon Department of Corrections (ODOC), filed this action pursuant to 42 U.S.C. § 1983 and alleged that Defendants Parks and Jackson violated his rights under the Eighth Amendment when they deployed pepper spray against him and failed to provide a prompt decontamination shower. Defendants now move for summary judgment on grounds that Plaintiff failed to exhaust his available administrative

1 - OPINION AND ORDER

remedies before filing suit. Plaintiff fails to raise a genuine issue of material fact to defeat summary judgment and Defendants' motion is granted.

## DISCUSSION

Plaintiff alleges that on August 8, 2022, he was placed into a "hostile living situation" at Snake River Correctional Institution. Plaintiff and his cellmate apparently had an altercation and Defendant Parks deployed pepper spray to break up the fight. Afterward, Plaintiff allegedly asked for a decontamination shower, and Defendant Jackson denied Plaintiff the opportunity to shower for approximately eight hours. Based on these facts, Plaintiff alleges claims of deliberate indifference to his health and safety under the Eighth Amendment. Defendants move for summary judgment and argue that Plaintiff's claims are barred from federal review because he failed to exhaust the ODOC grievance process.

To prevail on their motion, Defendants must show there is no genuine dispute as to any material fact and they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) ("If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56."). The Court must construe the evidence and draw all reasonable inferences in the light most favorable to Plaintiff. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). The court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

2 - OPINION AND ORDER

Because Plaintiff is self-presented, the court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882-83 (9th Cir. 1991). However, this does not relieve Plaintiff from his "obligation to show a genuine issue of material fact for trial through the presentation of specific, admissible evidence." *Epling v. Komathy*, 2011 WL 13142131, at *1 (C.D. Cal. Dec. 5, 2011).

Under the Prison Litigation Reform Act, an AIC must exhaust all available administrative remedies before filing a federal civil rights action to redress prison conditions or incidents. *See* 42 U.S.C § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). The exhaustion requirement is mandatory and requires compliance with both procedural and substantive elements of the prison administrative process. *Woodford v. Ngo,* 548 U.S. 81, 85, 91 (2006) (stating that the PLRA exhaustion requirement requires "proper" exhaustion and compliance with "with an agency's deadlines and other critical procedural rules"); *McKinney v. Carey*, 311 F.3d 1198, 1199-1200 (9th Cir. 2002) (per curiam). An AIC must exhaust all available administrative remedies before filing a § 1983 action, including appealing grievance decisions to the highest level. *Jackson v. Fong*, 870 F.3d 928, 933 (9th Cir. 2017).

If the defendant shows that the AIC did not exhaust an available administrative remedy, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172; *see also Sapp v. Kimbrell*, 623 F.3d 813, 822 (9th Cir. 2010*)* (explaining that the PLRA does not require exhaustion when

3 - OPINION AND ORDER

administrative remedies are "effectively unavailable"); *Brown v. Valoff*, 422 F.3d 926, 937 (9th Cir. 2005) (stating that an administrative remedy must be available "as a practical matter").

ODOC employs a three-step grievance and appeal process to address complaints about the misapplication of ODOC rules, unprofessional conduct, inadequate medical care, sexual abuse or harassment, and the use of excessive force. *See* Or. Admin. R. 291-109-0205. Generally, an AIC must file a grievance within fourteen days of the alleged condition or incident. *Id.* 291-109-0205(1). If the grievance is accepted, a response is required within thirty-five calendar days, "unless further review is necessary." *Id.* 291-109-0205(2). An AIC may appeal an unsatisfactory response to the grievance within fourteen calendar days of the response. *Id.* 291-109-0205(3). If the first appeal is denied, an AIC may file a second and final appeal within fourteen days of the denial. *Id.* 291-109-0205(5). If a grievance or appeal is returned to the AIC for corrections because it does not comply with grievance rules, the AIC may resubmit the grievance or appeal within fourteen calendar days from the date it was sent back to the AIC for corrections. Or. Admin. R. 291-109-0225(2)(a), 291-109-0230(1)(f).

On August 10, 2022, Plaintiff submitted Grievance SRCI.2022.08.067 and complained that correctional officers deployed pepper spray on his face, neck, head, and body on August 8. Main Decl. Att. 5 at 11. Plaintiff alleged that he was taken to the Disciplinary Segregation Unit where Defendant Jackson allowed him to use an eye wash station and gave him wet towels. *Id.* However, despite his repeated requests, Plaintiff alleged that he was denied a decontamination shower for eight hours. *Id.*

On August 31, 2022, the Grievance Coordinator responded and stated that Plaintiff's grievance did not assert a violation of ODOC rules, because officers allowed Plaintiff to use the eye wash station and provided wet towels in accordance with ODOC policy. *Id.* Att. 5 at 9 (citing

4 - OPINION AND ORDER

Or. Admin. R. 291-013-0104(5)(f)(g)). The Grievance Coordinator further explained that the "scale of your actions assaulting another AIC" disrupted "operating procedures" and caused the delay in providing a decontamination shower. *Id.*

Plaintiff appealed the response, and his appeal was returned for corrections because it did not comply with applicable rules of the ODOC grievance process. Main Decl. Att. 5 at 6-7. Plaintiff resubmitted his appeal, and it was again returned to Plaintiff for failing to comply with grievance rules. *Id.* Att. 5 at 3-5; *see generally* Or. Admin. R. 291-109-0225(2). Plaintiff tried to resubmit his appeal a third time, and it was denied because grievance rules do not allow AICs to submit a grievance or appeal more than twice. *Id.* Att. 5 at 1-2; *see* Or. Admin. R. 291-109-0225(2)(b).

On August 18, 2022, Plaintiff filed Grievance SRCI.2022.08.100 and lodged the same complaints asserted in Grievance SRCI.2022.08.067. Main Decl. Att. 7 at 2. Plaintiff's grievance was denied because an AIC may not submit more than one accepted grievance regarding the same incident.[1] *Id.* Att. 7 at 1; Or. Admin. R. 291-109-0120(2)(b).

Based on this record, Plaintiff failed to comply with the requirements of the ODOC grievance process and did not fully exhaust his available administrative remedies. The burden thus shifts to Plaintiff to show that the administrative process was effectively unavailable to him. Plaintiff fails to do so.

In response to Defendants' motion, Plaintiff does not explain why the grievance process was effectively unavailable to him or otherwise argue that his failure to exhaust should be excused. Instead, Plaintiff simply declares that he is "not going to detail why Defense's Motion should fail. It's too obvious." Pl's Response at 3 (ECF No. 51). Plaintiff also presents non-

---

[1] Plaintiff's grievance history includes additional grievances and discrimination complaints that are not related to his claim of deliberate indifference regarding the deployment of pepper spray and the failure to provide a prompt decontamination shower.

5 - OPINION AND ORDER

sensical arguments that have no relevance to his claims. Plaintiff thus fails to meet his burden and does not raise a genuine issue of material fact to defeat summary judgment.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 47) is GRANTED, Plaintiff's Motion for Summary Judgment and for Additional Claims (ECF Nos. 42, 46) are DENIED, and this action is DISMISSED. Any appeal of this Order or Judgment dismissing this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is HEREBY REVOKED.

IT IS SO ORDERED.

DATED this 18th day of November, 2025.

/s/Ann Aiken
ANN AIKEN
United States District Judge

**6 - OPINION AND ORDER**